UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JASPER MARTIN,                                 :
              Petitioner,      :  **MEMORANDUM OPINION**
                                :  **AND ORDER**
v.                                             :
                                :  13 CV 2413 (VB)
ADA PEREZ,                                     :
              Respondent.      :
--------------------------------------------------------------x

Briccetti, J.:

    Pending before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated February 18, 2016 (Doc. # 22) on petitioner Jasper Martin's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.

    After a jury trial, petitioner was convicted in County Court, Sullivan County, of conspiracy in the second degree, Penal Law § 105.15, and seven substantive counts of criminal possession of a controlled substance in the third degree, id. § 220.16(1), (12). The court sentenced petitioner to 12½ to 25 years' imprisonment on the conspiracy count and various determinate sentences on the substantive counts. The Appellate Division, Third Department, affirmed the conspiracy conviction, but reversed and dismissed the possession convictions. People v. Martin, 81 A.D.3d 1178 (3d Dep't 2011). Petitioner contends his conviction was unlawful because the evidence at trial was insufficient, and because his trial and appellate counsel did not provide effective assistance.

    Judge Davison recommended denying the petition.

    The Court agrees with that recommendation. Accordingly, for the following reasons, the petition is DENIED.

    Familiarity with the factual and procedural background of this case is presumed; the Court recites only those facts necessary for resolution of petitioner's objections.

**DISCUSSION**

I.      Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail.  See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review.  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).  Because petitioner is proceeding pro se, the Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Under the Antiterrorism and Effective Death Penalty Act, when a state court denies a federal claim on the merits, a habeas petitioner is entitled to relief on that claim only if he can show the state court either (i) made a decision contrary to, or unreasonably applied, clearly

established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1)-(2).  When a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent.  Clark v. Perez, 510 F.3d 382, 391-93 (2d Cir. 2008).

II.   Objections

Petitioner filed timely objections to the R&R.  (Doc. #25).  Specifically, petitioner argues that Judge Davison erred in concluding that appellate counsel was ineffective for failing to assert on appeal that trial counsel was ineffective for not objecting, on hearsay and Confrontation Clause grounds, to (i) Efstratios Nikolados's testimony that Adam Bloom, petitioner's alleged coconspirator, said petitioner "worked for" Bloom, and (ii) Officer William Young's testimony that Bloom told Young he (Bloom) "dealt with" (i.e., sold cocaine to) petitioner.[1]

For petitioner to succeed on an ineffective assistance of counsel claim, he must show that (i) "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (ii) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  This standard applies both to trial counsel's failure to object, as well as to appellate counsel's failure to raise the ineffective assistance of trial counsel claim.  See Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994).

Judge Davison recommended denying the ineffective assistance of appellate counsel

---

[1]   Specifically, petitioner objects to sub-parts v. and vi. of part III(C)(2) of the R&R (Doc. #25, at 2), which corresponds to the R&R's discussion of the ineffective assistance of appellate counsel claims relating to the failure to assert on appeal that trial counsel was ineffective for failing to object to the testimony of Nikolados and Young.  (R&R, at 21, 25-27).

3

claim as to Nikolados's testimony because Bloom's statement was admissible under the coconspirator exception to the general rule against hearsay. Under New York law, "the declarations of one coconspirator made in the course and furtherance of a conspiracy are admissible against all other coconspirators as an exception to the general rule against hearsay." People v. Sanders, 56 N.Y.2d 51, 62 (1982). However, before admitting a hearsay statement under this exception, "the People must establish, by prima facie proof, the existence of a conspiracy between the declarant and the defendant 'without recourse to the declarations sought to be introduced.'" Id. (quoting People v. Salko, 47 N.Y.2d 230, 237–38 (1979)).

Sufficient evidence independent of the statement sought to be introduced established the existence of a conspiracy between Bloom and petitioner. Nikolados testified that Bloom's business model was to provide cocaine to his coconspirators for little or no initial payment (i.e., to "front" cocaine). Those to whom Bloom fronted cocaine would then sell the cocaine on the street and pay Bloom back with the proceeds. Several recorded telephone calls between Bloom and petitioner were then played for the jury, and established that Bloom agreed to supply petitioner with between fifty and eighty grams of cocaine on several occasions. In conjunction with Nikolados's testimony regarding Bloom's operations, this evidence established a prima facie case of a conspiracy to sell cocaine in which Bloom and petitioner were involved.[2]

Moreover, even if trial counsel could have successfully objected to this testimony, the jury could have convicted petitioner of conspiracy based on the remaining evidence, which included taped conversations between Bloom and petitioner, as well as testimony regarding Bloom's overt trafficking activities. See People v. Martin, 81 A.D.3d at 1179 ("tape

---

[2] To the extent the R&R may have relied on Bloom's hearsay statement to establish the existence of a conspiracy between Bloom and petitioner, such error, if any, did not result in an incorrect determination of admissibility because, as discussed above, the independent evidence established the existence of a conspiracy.

recordings . . . in which defendant is heard discussing with other coconspirators the distribution of cocaine . . . coupled with overt acts, may provide a legally sufficient basis for defendant's conviction for conspiracy" (citing People v. Harris, 288 A.D.2d 610, 617–18 (3d Dep't 2001))) (citation omitted). As such, petitioner cannot demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694.

The R&R did not address whether appellate counsel was ineffective for failing to argue that trial counsel was ineffective for not objecting to Nikolados's testimony on Confrontation Clause grounds. However, this argument lacks merit because the testimony was admitted pursuant to the coconspirator exception of the general rule against hearsay. The Confrontation Clause prohibits the admission of statements against a defendant in a criminal trial that are testimonial in nature. United States v. Saget, 377 F.3d 223, 228 (2d Cir. 2004). Hearsay statements admitted pursuant to the coconspirator exception "are non-testimonial for purposes of the Confrontation Clause, and are therefore not covered by its protections." United States v. Shyne, 617 F.3d 103, 108 (2d Cir. 2010) (citing Crawford v. Washington, 541 U.S. 36, 56 (2004)). Had trial counsel raised this objection, it would properly have been overruled, and appellate counsel thus could not have successfully argued that such an objection would have created a reasonable probability of a different outcome at trial.

Judge Davison also recommended denying petitioner's claim that appellate counsel was ineffective for not asserting that trial counsel was ineffective for failing to object to Officer Young's testimony, on cross-examination, that Bloom told Officer Young he (Bloom) "dealt with" petitioner. Judge Davison noted that petitioner's own counsel elicited the hearsay statement for the legitimate strategic purpose of establishing a "rush to judgment" defense.

5

(R&R, at 27).  "Courts will not review counsel's conduct of cross-examination 'unless there is no strategic or tactical justification for the course taken.'"  Mathieu v. Giambruno, 2008 WL 383509, at *18 (S.D.N.Y. Feb. 11, 2008) (quoting United States v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998)).[3]  Thus, any assertion on appeal that trial counsel was ineffective for failing to object would have been without merit.

Although the R&R did not expressly address the Confrontation Clause aspect of this claim, it may be disposed of in a similar fashion.  "[D]efense counsel may waive a defendant's Sixth Amendment right to confrontation where the decision is one of trial tactics or strategy that might be considered sound."  Grayton v. Ercole, 691 F.3d 165, 175 (2d Cir. 2012) (quoting United States v. Plitman, 194 F.3d 59, 63 (2d Cir. 1999)).  Here, trial counsel waived the right to object on Confrontation Clause grounds when she elicited Officer Young's testimony for the strategic purpose noted above.  See United States v. Gurung, 58 F. App'x. 871, 873 (2d Cir. 2003) (summary order).  Trial counsel therefore could not have objected on this ground, and was not ineffective for failing to do so.

The Court has carefully reviewed the remainder of Judge Davison's R&R, as to which no objections have been made, for clear error.  Having done so, the Court finds no error, clear or otherwise.

## CONCLUSION

The R&R is adopted as modified for the reasons stated herein.  Accordingly, the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

---

[3]  Petitioner will be provided with copies of all unpublished opinions cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).  The Court also certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: October 3, 2016
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge